STEVEN G. KALAR
Federal Public Defender
ANGELA M. HANSEN
Assistant Federal Public Defender
1301 Clay Street, Suite 1350N
Oakland, CA 94612
Telephone: (510) 637-3500
Email: Angela_Hansen@fd.org

Attorney for Defendant DURAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>                    Plaintiff,<br><br>          v.<br><br>RICARDO DURAN,<br><br>                    Defendant. | Case No. 16-CR-437-JST<br><br>**SUPPLEMENTAL INFORMATION RE THE GOVERNMENT'S OBJECTION TO THE PSR** |

At the sentencing hearing earlier today, the government raised an objection to undisputed facts on the face sheet of the PSR. It did not want for the face sheet to include Mr. Duran's post-offense custody dates, specifically, his detention on November 11, 2016, six months after the offense conduct, because he was in custody for another offense, not the gun charged in this case. This Alameda County arrest was for a case that Mr. Duran was in custody for when he was brought to this Court on a writ on January 9, 2017. The Alameda County case was dismissed on February 21, 2017. These fact are undisputed.

Defense counsel asked for this information to be included in the PSR during the presentence investigation process so that the Bureau of Prisons could determine whether, pursuant to 18 U.S.C. § 3585 (b)(2), Mr. Duran should receive credit for this prior custodial term that was not credited towards any other sentence.  According to the statute, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that has not been credited against another sentence." *Id.*

Government counsel proffered at the hearing that it spoke to a Bureau of Prisons representative who advised him that Mr. Duran would not get credit for this time, and so the government objected to this information being included in the PSR on the face sheet.  The government objected also because Mr. Duran's arrest in November 2016 was unrelated to this gun case.  At the hearing, the defense objected to the government's request as untimely, and noted that it was not raised with the probation office in a timely manner during the presentence investigation process, and that it was not included as an objection in the government's sentencing memorandum.  The Court agreed to consider the government's objection and took the matter under submission.

The Bureau of Prisons representative who spoke with government counsel, Valerie Stewart, confirmed in an e-mail this afternoon that all information and documents that explain Mr. Duran's release and custodial status "after the date of the offense for which he has just been sentenced" are important and should be included with the information that goes to the Bureau of Prisons so that it may make a decision regarding Mr. Duran's credits.  She sent this e-mail to the government, defense counsel and to the probation office.

Ms. Stewart's directive that all information should be included for the Bureau of Prisons to consider regarding Mr. Duran's credits is relevant to the Court's consideration of the

government's objection seeking to remove Mr. Duran's custodial information from the PSR.  It is appropriate and standard practice for the face sheet of the PSR to list a defendant's *post-offense* custody and release dates, especially when the defendant was in federal court for the instant offense on a writ from that prior custodial sentence, which had not been credited towards any other sentence.

Ms. Stewart advised the parties that the probation office should also submit the actual records from Alameda County regarding Mr. Duran's post-offense custodial status to the Bureau of Prisons to ensure that they consider all relevant information.  Ms. Stewart also advised defense counsel that she does not agree that Mr. Duran will not get credit for this time.  She explained that with this information a Bureau of Prisons sentencing computation specialist could determine what time in custody, if any, will be credited towards Mr. Duran's sentence.

Date: October 6, 2017

Respectfully submitted,
STEVEN G. KALAR
Federal Public Defender

/s/ Angela Milella Hansen
ANGELA MILELLA HANSEN
Assistant Federal Public Defender

3